ERNESTO FERNANDO SCHLÜTER, ETC., Plaintiff and Appellee, v. ROSA VILLAFAÑE DE BUXÓ ET AL., Defendants and Appellants.

No. 5371.  Argued July 7, 1930.—Decided July 10, 1930.

*González Fagundo & González, Jr.*, for appellants. *E. Campos del Toro* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

A dismissal of the appeal, taken in this case on June 10 last, is asked on the ground that it is frivolous.

It is alleged in the complaint that the plaintiff is the holder of four promissory notes respectively for $813.24, $271.08, $1,084.32, and $609.29, which the defendants executed and delivered to him. It is further alleged that the defendants have paid on the note for $609.29 the sum of $200, which was applied in part to the payment of interest due and the balance credited on the principal amount of the note, which has been reduced to $424.52; that all of the said notes are due and have not been paid notwithstanding the repeated demands therefor made by the plaintiff upon the defendants.

The defendants answered and denied that the plaintiff was the holder of the notes. They admitted the payment of $200 and pleaded by way of defense that such payment was made in consideration of an extension of the notes until the grinding season (*zafra*) of 1930, which was accepted by Succrs. of Schlüter & Co. The answer was not verified.

A trial of the case was had at which only the plaintiff appeared. He introduced his evidence and asked leave, which was granted, to amend the complaint so as to make it conform to the proof. The court rendered a judgment sustaining the complaint based on an opinion, in which it

declared as proved the facts relied upon by the plaintiff as a basis for his claim.

The defendants thereupon took the present appeal, which is indeed entirely frivolous.

Although the appellants appeared at the hearing of the motion to dismiss they failed to file any written opposition thereto; nor did they put forward in the oral argument any tenable grounds for the appeal.

The genuineness of the documents copied into the complaint was admitted by the failure of the defendants to file a verified answer. Section 119 of the Code of Civil Procedure. Notwithstanding this and to strengthen his case, the plaintiff introduced evidence at the trial which, as already stated, was considered sufficient by the court. It has been urged by the appellants that, notwithstanding the admissions regarding the genuineness of the notes and the certainty of the debt, the defense of an extension of the time of payment had been raised. To conclude that such a contention has no merit it will suffice to bear in mind that, as stated above, the defendants failed to appear at the trial, thus waiving their defense, and to cite the case of *Banco Comercial* v. *Perales,* 38 P.R.R. 165. See also *Banco Masónico* v. *López and Co.,* 38 P.R.R. 169 and *E. Solé & Co.* v. *Crescioni,* 38 P.R.R. 878.

As in this case an entirely frivolous appeal is involved, it is not necessary to wait for the expiration of the ninety days referred to in Rule 59 of this court. *Banco Comercial* v. *Perales, supra.*

The appeal will be dismissed.